OPINION
{¶ 1} Appellee, Ron Braucher, began his employment with appellant, Allied Truck parts Company, on September 26, 1994. Appellee was a supervisor of mechanics in the leasing division. Appellee voluntarily resigned from his position on March 29, 2002.
 {¶ 2} At the time of his resignation, appellee had accrued eight days of unused vacation time which amounted to a cash equivalent of $1,569.85. Appellant refused to pay appellee said amount.
 {¶ 3} On May 24, 2002, appellee filed a small claims complaint with the Canton Municipal Court. A magistrate heard the matter on June 25, 2002. By report filed same date, the magistrate found in favor of appellee and awarded him $1,569.85. Appellant filed objections to the magistrate's decision. A hearing was held on July 29, 2002. By judgment entry filed same date, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The Trial Court Erred As A Matter Of Law When It Improperly Granted Judgment Against Appellant, Allied Truck Parts Company, Where Appellee Was Not Entitled By Contract, Statute, Or Case Law To Payment For Accrued But Unused Vacation Time Upon His Voluntary Resignation From Appellant."
 I {¶ 6} Appellant claims the trial court erred in granting appellee his accrued vacation pay upon his voluntary termination. We disagree.
 {¶ 7} Appellant argues as a matter of law, appellee has no contractual right to his accrued vacation pay because the employee handbook did not create a binding contract for such and appellant was not an eligible employee under the handbook's definition.
 {¶ 8} Initially, it is important to note Ohio is an employment-at-will state. The issue in this case involves the enforceability of policies published in an employment handbook. Appellant argues the policies in the handbook are merely guidelines and in no way formed a contractual relationship. In support, appellant cites the following provision in the handbook which states the provisions could be changed at the discretion of management:
 {¶ 9} "The employee handbook and other plan documents are not contractual in nature and do not guarantee any continuation of benefits.
 {¶ 10} "* * * Neither the policies contained in this employee handbook, nor any other written or verbal communication are intended to create a contract of employment or a warranty of benefits. The company has sole discretion to add to, delete, or change any policy contained in this employee handbook except employment-at-will." See, Handbook, Section 1.
 {¶ 11} Appellee argues the handbook provided the following vacation time under employee benefits:
 {¶ 12} "Full time employees are eligible for paid vacation time.
 {¶ 13} "Vacation is calculated according to your anniversary date as follows:
 {¶ 14} * * *
 {¶ 15} "After 3 years, you will receive 2 weeks of vacation.
 {¶ 16} * * *
 {¶ 17} "Eligible employees will be paid for earned but unused vacation upon termination." See, Handbook, Section 3.
 {¶ 18} There is no factual dispute that appellant was eligible for two weeks of vacation due to his length of employment with appellant and had accrued eight days of unused vacation time at the time of his termination.
 {¶ 19} Appellant argues this court's decision in Spry v. MullinaxFord (November 13, 2000), Stark App. No. 2000CA00118, is controlling. We disagree. In Spry, this court specifically found vacation pay, as defined in the employee handbook, did not vest until a full year of service had passed from the last anniversary date and the handbook did not provide for a pro rata amount in the event an employee left prior to the anniversary date. In the case sub judice, appellee met all of the procedural and calendered dates of the handbook's vacation provisions.
 {¶ 20} Appellant also claims it had rescinded the "earned but unused vacation upon termination" provision but had not announced it to the workforce nor had it republished as an amended vacation provision. We note under employee benefits, the handbook states "[t]he company reserves the right to modify its benefits at any time. We will keep you informed of any changes." We find absent a formal announcement of the policy recission, appellee has a right to his accrued vacation pay upon termination.
 {¶ 21} Lastly, appellant argues appellee is not "eligible" for vacation pay because he terminated his employment to engage in competition with appellant in his new employment. We find such an argument to be without merit absent a written pre-employment anti-competition agreement.
 {¶ 22} Upon review, we find the trial court's interpretation of the facts and law to be correct. The trial court did not err in awarding appellee $1,569.85 for earned, but unused vacation time.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Gwin, P.J. and Edwards, J. concur.